# IN THE COURT OF APPEALS OF IOWA

No. 21-1241
Filed January 12, 2022

**IN THE INTEREST OF K.T., H.T., R.T., Jr., and C.T.,**
**Minor Children,**

**T.T., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

A mother appeals the termination of her parental rights.  **AFFIRMED.**

Joseph G. Martin, Cedar Falls, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Christina Shriver, Waterloo, guardian ad litem for minor children.

Mark Milder, Denver, attorney for minor children.

Considered by Mullins, P.J., Schumacher, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**GAMBLE, Senior Judge.**

A mother appeals the termination of her parental rights to her children, K.T.; H.T.; R.T. Jr.; and C.T.[1]  On appeal the mother argues termination was not in the children's best interests and the court should have established a guardianship instead.  We affirm.

We review termination proceedings de novo.  *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020).  "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination.  Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence."  *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citation omitted).

We generally use a three-step analysis to review the termination of a parent's rights.  *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).  "However, if a parent does not challenge a step in our analysis, we need not address it."  *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).  Because the mother only challenges the juvenile court's best-interest determination, we limit our review to that issue.  *See* Iowa Code § 232.116(2) (2021) (requiring the court to determine whether termination is in the child's best interest).

The mother claims it was not in the children's best interests to terminate her parental rights so the juvenile court should have instead established guardianships.  When determining what is in the children's best interests we "give primary consideration to the child[ren]'s safety, to the best placement for furthering

---

[1] The father consented to termination of his parental rights and does not appeal.

the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

Following a termination hearing, the juvenile court may establish a guardianship if it determines termination is not in the child's best interest. *See* Iowa Code §§ 232.104(2)(d)(1) (permitting the juvenile court to enter an order "[t]ransfer[ring] guardianship and custody of the child to a suitable person" following a permanency hearing), .104(4)(a) (requiring clear and convincing evidence showing termination of the parent-child relationship would not be in the best interest of the child), .117(5) (authorizing the court to enter an order in accordance with section 232.104 if, following a termination hearing, "the court does not order the termination of parental rights but finds that there is clear and convincing evidence that the child is a child in need of assistance"). However, "a guardianship is not a legally preferable alternative to termination." *A.S.*, 906 N.W.2d at 477 (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)). And guardianships do not provide true permanency because, "[b]y their very nature, guardianships can be modified or terminated." *In re E.A.*, No. 20-0849, 2020 WL 4498164, at *2 (Iowa Ct. App. Aug. 5, 2020) (citing *A.S.*, 906 N.W.2d at 477–78).

With respect to this family, we conclude clear and convincing evidence demonstrates termination serves the children's best interests in ways guardianships would not. While the mother has an established bond with the

children and does relatively well with supervised visitation, she has not been able to overcome her substance-abuse and mental-health challenges. The children cannot safely be returned to her care. And termination followed by adoption would further "the long-term nurturing and growth of the child[ren]" and provide for their "physical, mental, and emotional condition and needs." *See P.L.*, 778 N.W.2d at 40 (quoting Iowa Code § 232.116(2)).

The two youngest children, R.T. Jr. and C.T., have been out of their mother's care for the majority of their lives and will not reach the age of majority until 2036 and 2037, respectively. *See A.S.*, 906 N.W.2d at 477 (noting a guardianship's prospective duration of sixteen years weighed against its establishment as an alternative to termination). They need stability and permanency. They can best achieve that through termination, which would allow for adoption by their familial placement who already has an approved foster adopt home study.

The oldest two children, K.T. (born in 2005) and H.T. (born in 2007), have expressed to a care worker that they "just want the [Iowa Department of Human Services (DHS)] out of their li[v]es and they know that would mean having to be adopted." The worker explained a guardianship was discussed with K.T. and H.T. and they expressed that "they don't want to have to keep coming back to court. So they would prefer adoption." The children's attorney also stated K.T. and H.T. were indifferent to termination and adoption as opposed to a guardianship. And the establishment of guardianships would only continue some level of court involvement in their lives, which they want to end. Conversely, termination would allow for them to be adopted and finally put an end to DHS and court involvement

in these matters.  And termination and adoption would allow them to remain legal siblings to their younger siblings.

So we think termination as opposed to guardianship is in all of the children's best interests.  This will allow their placement to adopt them.  And their placement is willing to foster the children's relationships with the mother going forward so long as it is in their best interests.  Through termination and adoption, the adoptive parents will be able to serve as gatekeeper to the children to ensure any contact with the mother is safe.  Moreover, termination as opposed to establishment of guardianships will provide the children with true permanency.[2]  So we agree with the juvenile court that termination—not establishment of guardianships—is in the children's best interests.

**AFFIRMED.**

---

[2] For example, if the court had established guardianships, there would be a risk that the mother would seek to terminate the guardianships whenever the guardians prohibited contact due to some safety concern.  This would place the children back into limbo.